UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWNTA SHAREE ANDERSON,
#487988,

        Petitioner,                               Civil Action No. 20-CV-11740

vs.                                       HON. BERNARD A. FRIEDMAN

JEREMY HOWARD,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

        Shawnta Sharee Anderson ("petitioner"), confined at Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her pro se application, petitioner challenges her conviction for second-degree murder, Mich. Comp. Laws § 750.317, and felony-firearm, Mich. Comp. Laws § 750.227b. For the reasons stated below, the Court shall deny the petition.

*Background*

        Petitioner was originally charged with first-degree felony murder, two counts of armed robbery, and three counts of felony-firearm. The prosecutor initially offered to allow petitioner to plead guilty to a reduced charge of second-degree murder and a single count of felony-firearm, with a sentence agreement of thirty-five to sixty years on the second-degree murder charge, plus the mandatory consecutive two year sentence on the felony-firearm charge, in exchange for dismissal of the original first-degree murder charge, the two armed robbery charges, and two of the felony-firearm charges. (ECF No. 6-6, PageID. 173). The judge gave defense counsel additional

time to speak with the assistant prosecutor's supervisor about obtaining a better plea bargain offer for petitioner. (*Id*., PageID. 176-77).

On May 7, 2018, the parties appeared again in court.  The prosecutor indicated that the new plea offer would allow petitioner to plead guilty to a reduced charge of second-degree murder and one count of felony-firearm with a sentence agreement of thirty to sixty years on the second-degree murder conviction, plus a consecutive two year prison sentence on the felony-firearm charge.  The prosecutor agreed to dismiss the remaining charges, including the original first-degree murder charge.  Defense counsel indicated that he conveyed the plea offer to petitioner but that she did not want to accept it.  Counsel stated on the record that he reviewed the evidence with petitioner, including a video-recording of the shooting.  Counsel informed petitioner that her co-defendant had agreed to testify against petitioner as part of a plea bargain. (ECF No. 6-8, PageID. 190-92).  The trial judge explained the charges to petitioner and the possible penalties, including the fact that the first-degree murder charge carried a mandatory penalty of life imprisonment without parole.  The judge explained the terms of the plea agreement on the record, including the agreed upon sentencing range of thirty to sixty years in prison on the second-degree murder charge.  Petitioner stated she understood the terms of the plea and sentence agreement. (*Id*., PageID. 193-94).  When asked, petitioner stated that she did not know whether she wanted to plead guilty and specifically asked the judge how long she would have to "withdraw it," i.e., the plea.  The judge advised petitioner that "I don't play those kind of games, Ms. Anderson.  If you are going to take a plea then you're going to take a plea."  The judge warned that once petitioner pled guilty it would be very hard to withdraw the plea. (*Id*., PageID. 194-95).

After further discussion, petitioner indicated that she would accept the plea bargain.

(*Id*., PageID. 199).   The terms of the plea and sentence agreement were again placed on the record by the prosecutor and the judge.   Petitioner acknowledged that the terms provided at this hearing were the complete terms of the agreement.   (*Id*., PageID. 202-04).   Petitioner indicated that she would plead guilty, although she "was not happy with my lawyer at all." (*Id*., PageID. 204-05).   The judge advised petitioner of all of the trial rights she would be relinquishing by pleading guilty.   The judge specifically advised petitioner that by pleading guilty, she would give up her automatic right to appeal and any appeal would be an appeal by leave.   Petitioner indicated that she understood all of the rights that she was waiving by pleading guilty. (*Id*., PageID. 205-07).   Defense counsel reviewed with petitioner the Settlement Offer and Notice of Acceptance which also delineated the terms of the plea and sentence agreement.   Petitioner admitted to signing the form. (*Id*., PageID. 207-09).   When asked if any threats had been made to get her to plead guilty, petitioner told the judge she had been threatened.   Petitioner said she had received threats from her co-defendant and others.   Petitioner claimed she had informed her lawyer about the threats and had given him letters from these individuals.   When asked to give more details about the threats, petitioner said "I don't want to talk about it anymore."   Upon further questioning, petitioner said persons threatened to shoot her.   However, when the judge asked petitioner if she had specifically been threatened to plead guilty, petitioner admitted that the threats were not made specifically to get her to plead guilty, but that "it was just other threats towards the case."   Petitioner eventually admitted that no one had threatened her to plead guilty. (*Id*., PageID. 209-11).   Petitioner refused to make out a factual basis for the plea, so the trial judge refused to accept the plea. (*Id,*, PageID. 212-19).

On May 11, 2018, petitioner returned to court.   Defense counsel moved to withdraw, claiming that petitioner no longer wanted him to represent her.   Petitioner informed the judge that

3

she did not want to be represented by her attorney any more.  The judge asked petitioner about the nature of her complaints about counsel.  Petitioner told the judge that counsel had failed to deliver her the entire discovery package, even though she had requested it.  Defense counsel informed the judge that he had provided all of the discovery to his client.  Although petitioner complained that her attorney had not initially provided her with the transcript from her co-defendant's preliminary examination, petitioner conceded that she now had a copy of the transcript.  Petitioner accused her attorney of not "working with me" but "working against me."  The judge denied petitioner's request for substitute counsel, finding that petitioner provided insufficient reasons to justify the substitution of counsel and further finding that defense counsel was providing competent representation. (ECF No. 6-9, PageID. 223-30).

The prosecutor again placed the plea and sentence agreement from earlier in the week on the record, namely, that petitioner would plead guilty to a reduced charge of second-degree murder and one count of felony-firearm, in exchange for dismissal of the other charges.  The prosecutor again indicated that there was a sentence agreement of thirty to sixty years on the second-degree murder conviction, plus the mandatory consecutive two year prison sentence on the felony-firearm conviction.  The judge again reviewed the charges against petitioner and the penalties, including the mandatory non-parolable life sentence for the first-degree murder charge. Petitioner indicated that she understood the charges and penalties and the plea offer being made. (*Id.*, PageID. 231-32).  Petitioner informed the judge that she wished to plead guilty and had signed the plea form.  The judge advised petitioner of all of the trial rights that she would waive by pleading guilty.  The judge again informed petitioner that by pleading guilty, she would give up her appeal by right and any appeal would be by leave.  The terms of the plea and sentencing agreement were

again placed on the record and petitioner acknowledged that she understood the terms of the plea and sentence agreement. Petitioner expressly indicated that there had been no threats made to induce her guilty plea. (*Id*., PageID. 233-39). Petitioner admitted to entering a store with a firearm with the intent of committing an armed robbery and that during the robbery the murder victim was shot. (*Id*., PageID. 240-41).

On June 1, 2018, petitioner was sentenced to thirty to sixty years in prison on the second-degree murder conviction and to a consecutive two-year term on the felony-firearm conviction. (ECF No. 6-10, PageID. 253-54).

Petitioner moved to withdraw her guilty plea and for an evidentiary hearing pursuant to *People v. Ginther*, 212 N.W. 2d 922 (Mich. 1973), based on her allegation that trial counsel was ineffective. The judge denied the motion for a *Ginther* hearing at oral argument. (ECF No. 6-11, PageID. 272-73). In a separate written opinion, the judge denied petitioner's motion to withdraw her guilty plea. *See People v. Anderson*, No. 18-001015-01-FC (Wayne Cty. Cir. Ct., Jan. 7, 2019) (ECF No. 6-12, PageID. 407-19).

Petitioner's conviction and sentence were affirmed on appeal, although the case was remanded to the trial court for the ministerial act of correcting Offense Variable 13 of the Sentencing Guidelines to zero. *See People v. Anderson*, No. 347393 (Mich. Ct. App. Apr. 23, 2019); *lv. den.* 934 N.W.2d 216 (Mich. 2019).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court erred in denying Anderson's motion to withdraw her plea.

II. The trial court erred in denying Anderson's request for a *Ginther* hearing.

III. The trial court erred in denying Anderson's motion to correct SIR, where OV 13 and OV 14 were improperly scored.

***Standard of Review***

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if it "(1) arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or (2) decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 364-65 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

***Discussion***

***Claim 1:  The trial court erred in denying Anderson's motion to withdraw her plea***

Petitioner first contends that the trial judge erred in refusing to permit her to withdraw

6

her guilty plea, which she claims she did not enter into knowingly, intelligently, or voluntarily.

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005); *Doyle v. Scutt*, 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004).  For a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Corr. Inst.*, 927 F. 2d 256, 257 (6th Cir. 1991).  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading guilty. *See King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994).  When a federal habeas petitioner challenges his guilty plea, "the state generally satisfies its burden by producing a transcript of the state court proceeding" showing that the plea was knowing and voluntary.  *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).  Further, "[t]he factual findings of a state court that the plea was proper generally are accorded a presumption of correctness." *Id.*  "It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired."  *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984).  "Federal and state courts will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty." *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 652 (E.D. Mich. 2002).

In the present case, the state court record establishes that petitioner pled guilty freely and voluntarily.  Petitioner was advised of the maximum penalty for the charges to which she was pleading guilty and the rights that she would be waiving by doing so.  Petitioner was advised several times – both at the initial plea hearing on May 7, 2018, and at the May 11, 2018, hearing where she

actually pled guilty – of the terms of the plea and sentence agreement, and she acknowledged that these were the complete terms of the agreement.  In response to the trial court's questions, petitioner denied that any threats or additional promises had been made to get her to plead guilty.  Under the circumstances, the transcript and colloquy clearly establish that petitioner's plea was made knowingly and intelligently.

Petitioner argues that her plea was involuntary because no one explained to her that the thirty year minimum sentence for second-degree murder was a departure above the sentencing guidelines range of 162-270 months.  This argument fails because  "[t]here is no constitutional requirement that a defendant be informed by the court during the plea colloquy of his estimated guidelines sentencing range." *United States v. Ufie*, 5 F. App'x 357, 359 (6th Cir. 2001). *See also Smith v. Burt*, No. 08-CV-13242, 2009 WL 2876987, at *3 (E.D. Mich. Sept. 3, 2009) (ruling that the petitioner's plea was not involuntary merely because he was not advised of the applicable sentencing guidelines range, and noting that "there is no constitutional requirement that a defendant be informed of a possible minimum sentence").

Petitioner also argues that her plea was involuntary because she was never informed that, by pleading guilty, she would lose her appeal by right and any appeal would be solely by leave to appeal to the Michigan Court of Appeals.  A review of the state court record plainly disproves this assertion.  Petitioner was advised several times by the judge at both plea hearings that by pleading guilty she would be giving up an appeal by right in this case and that any appeal would be by leave.

Petitioner next argues that her attorney misled her into believing that the sentence agreement called for only thirty to sixty months in prison, as opposed to thirty to sixty years.  Again the state court record readily disproves the assertion.  The prosecutor, the judge, and defense counsel

8

indicated several times at both plea hearings that the sentence agreement was for thirty to sixty years in prison.  Petitioner acknowledged that she understood this.

Petitioner also claims that the plea should be set aside because she was threatened by her co-defendant.  Petitioner's bare claim that she was coerced into pleading guilty is insufficient to overcome her contrary statements during the plea colloquy.  *See Shanks*, 387 F. Supp. 2d at 750-51.  Petitioner has presented no extrinsic evidence, either to the state courts or to this Court, to support her claim that her plea was made as the result of threats from her co-defendant. Consequently, there is no basis to vacate her plea.

Additionally, petitioner claims that her plea was involuntary because she fainted either before or during the plea hearing.  Nothing in the record supports this claim.  In any event, "[t]he fact that a defendant suffers from a fainting episode during his arraignment does not automatically render his guilty plea unconstitutional."  *Reed v. United States*, No. 1:04-CR-139, 2008 WL 4963195, at *13 (E.D. Tenn. Nov. 17, 2008).   The record of the May 11, 2018, plea hearing clearly shows that petitioner understood the proceedings, was able to respond appropriately to questions from the judge about the plea and sentence agreement, and acknowledged the rights she was waiving by pleading guilty.

For the reasons stated above, the Court rejects petitioner's first claim.

### Claim 2:  The trial court erred in denying Anderson's request for a Ginther hearing

Here petitioner argues that her plea was involuntary because she was denied effective assistance of counsel.  Petitioner further argues that the state courts erred by failing to conduct an evidentiary hearing on her ineffective assistance of counsel claims pursuant to *Ginther*, 212 N.W.2d

9

922 (Mich. 1973), and MCR 7.211(C)(1).

          The Court has no authority to grant habeas relief on petitioner's claim that the state courts denied her motion for an evidentiary hearing.  Violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under § 2254.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Whether the state court erred in its application of MCR 7.211 in denying petitioner's motion for an evidentiary hearing on her ineffective assistance of counsel claims is a question of state law that this Court cannot review.  See *Hayes v. Prelesnik*, 193 F. App'x 577, 584 (6th Cir. 2006).  Accordingly, petitioner is not entitled to habeas relief on this portion of her claim.

          To show that she was denied the effective assistance of counsel under federal constitutional standards, defendant must satisfy a two-prong test.  First, she must demonstrate that counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Second, she must show that such performance prejudiced her defense, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

          To demonstrate prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  *See Premo v. Moore*, 562 U.S. 115, 129 (2011).  The Sixth Circuit has indicated that a federal habeas court "must always analyze the substance of the petitioner's underlying claim" to determine whether, but for counsel's alleged error, petitioner would likely have gone to trial instead of pleading guilty.  *Maples v. Stegall*, 340 F.3d 433, 440 (6th Cir.

2003). That is, petitioner must show that "he would not have pleaded guilty, because there would have been at least a reasonable chance he would have been acquitted." *Garrison v. Elo*, 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001). *See also Pilla v. United States.*, 668 F.3d 368, 373 (6th Cir. 2012) (stating that "petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances").

In the present case, petitioner is not entitled to habeas relief on her ineffective assistance of counsel claim because she has not shown that there is a reasonable probability that she would have prevailed had she insisted on going to trial, especially in light of the fact that the shooting was captured on videotape. As mentioned above, petitioner was charged with first-degree felony murder, which carries a mandatory nonparolable life sentence. Petitioner's counsel was able to negotiate a plea bargain, where the prosecutor reduced the first-degree murder charge to second-degree murder. The prosecutor also dismissed two armed robbery charges and two of the felony-firearm charges. The parties agreed that petitioner would be sentenced to thirty to sixty years in prison on the second-degree murder charge. Petitioner does not indicate that she had any viable defense to any of the charges against her. Therefore, she is not entitled to habeas relief on her ineffective assistance of counsel claim.

### Claim 3: The trial court erred in denying Anderson's motion to correct SIR [Sentencing Information Report], where OV 13 and OV 14 were improperly scored

Finally, petitioner contends that several of the offense variables under the Michigan Sentencing Guidelines were incorrectly scored for the second-degree murder charge.

This claim has no merit. The parties agreed that petitioner would receive a sentence of thirty to sixty years in prison on the second-degree murder charge, and she was sentenced in accordance with that agreement. By pleading guilty, petitioenr "agreed to the sentences and cannot

11

now challenge them in federal court." *Hawkins v. Rivard*, No. 16-1406, 2016 WL 6775952, at *4 (6th Cir. Nov. 10, 2016).  Further errors in the application of state sentencing guidelines cannot independently support habeas relief.  *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Petitioner is not entitled to relief on her third claim.

***Conclusion***

For the reasons stated above,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue, as petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because no appeal could be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

Dated: April 15, 2021
          Detroit, Michigan

**<u>CERTIFICATE</u> <u>OF</u> <u>SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2021.

Shawnta Sharee Anderson #487988             s/Johnetta M. Curry-Williams
HURON VALLEY COMPLEX - WOMENS       Case Manager
3201 BEMIS ROAD
YPSILANTI, MI 48197

13